

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00460-CR

Gary **CASTILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR8212
Honorable Ron Rangel, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:   June 1, 2016

AFFIRMED

Appellant Gary Castillo was charged by indictment with the offense of possession of a controlled substance. After the trial court denied his pre-trial motion to suppress, Castillo pled not guilty to a jury, which found him guilty of the charged offense. The trial court assessed punishment at twenty-five years' confinement. In two issues on appeal, Castillo asserts the trial court erred by denying his motion to suppress. We affirm.

**BACKGROUND**

San Antonio Police Officer Jonathan Reyes testified that on the morning of July 6, 2014, he was "dispatched to [9707] Quicksilver Drive for a wanted person." Officer Reyes said an anonymous caller provided Castillo's date of birth, described what he was wearing, and provided the address of a residence at which Castillo could be found. No other information was provided by the caller about Castillo. Officer Reyes did not speak to the caller, and no information about the caller is in the record.

Officer Reyes stated he did not obtain an arrest warrant prior to him and his partner going to the Quicksilver residence. However, he said that when he "ran" Castillo's information, he discovered Castillo had two outstanding arrest warrants, one for theft and one for a parole violation for burglary. Once at the Quicksilver residence, Officer Reyes knocked on the door, which was answered by Vanessa Mata. Officer Reyes told Mata that he was looking for Castillo. Officer Reyes testified he asked Mata, who was friendly and cooperative, to sign a consent to search form because she "claimed that it was her house" and she "presented herself as the home owner." He said Mata did not provide any proof she owned the house. Mata told the officers that Castillo was in a back room. After Mata signed the consent form, the officers entered the residence and went to the back bedroom where they found Castillo asleep on a bed, fully clothed.

The officers woke Castillo up and he appeared "kind of confused at first." The officers did not search the residence, but handcuffed Castillo while he sat on the bed and then they took him to their patrol car. Before placing Castillo inside the car, Officer Reyes searched him and discovered three plastic bags of methamphetamines in Castillo's right front pocket. Castillo was arrested based on the two outstanding warrants.

Mata did not testify at the hearing, but Castillo testified on his own behalf. He said he was asleep in his bedroom when he was awakened by two police officers with their guns pointed at

him. Castillo said the officers did not present any arrest warrants, and when he asked "what's going on . . . [t]hey said, crime stoppers." Castillo said he leased the house from Mata who was his landlady. Castillo said he did not have a copy of the lease with him at the suppression hearing because he was incarcerated, but CPS had a copy of the lease and the utility was under his name. Castillo stated he did not give the officers permission to enter his house.

Castillo testified Mata did not live at the house, she was not inside his house when he went to sleep, and he did not know she was present inside the house until he was awakened by the police. Castillo said he did not know there was an active felony warrant for his parole violation.

At the conclusion of the hearing, the trial court denied the motion to suppress, and a trial on the merits commenced. This appeal by Castillo ensued.

## ANALYSIS

On appeal, Castillo raises two challenges to the trial court's ruling on his motion to suppress. First, he asserts the anonymous tip was insufficient to establish reasonable suspicion because the call lacked any indicia of credibility or reliability. Second, he asserts Mata's consent to search was invalid. Castillo also asserts that the existing warrants did not render his challenges moot. We need not address whether the warrants moot Castillo's appeal or whether the anonymous call established reasonable suspicion because we conclude the police officers had consent to enter the residence.

### A. Standard of Review

Castillo contends his right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution and Article I, section 9 of the Texas Constitution was violated. Accordingly, he argues the trial court erred by denying his motion to suppress.

When reviewing a trial court's ruling on a motion to suppress, we apply an abuse of discretion standard and overturn the trial court's ruling only if it is outside the zone of reasonable

disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). We apply a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness. *Id.* at 922-23. However, we review a constitutional legal ruling, such as whether a search or seizure governed by the Fourth Amendment occurred in a particular case, under a *de novo* standard of review. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006). We view the evidence in the light most favorable to the trial court's ruling. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013).

### B. Consent to Enter

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *Limon v. State*, 340 S.W.3d 753, 756 (Tex. Crim. App. 2011). The entry into a residence by police officers is a "search" for purposes of the Fourth Amendment. *Id.* A warrantless police entry into a residence is presumed unreasonable unless the entry falls within one of a well-defined group of exceptions. *Id.* Voluntary consent is one such exception. *Id.*

As a general rule, a landlord cannot give effective consent to allow a search of a tenant's premises. *Garcia v. State*, 887 S.W.2d 846, 851 (Tex. Crim. App. 1994). However, a third party, such as a landlord, may properly consent to a search when he or she has control over and authority to use the premises being searched. *Limon*, 340 S.W.3d at 756; *Garcia*, 887 S.W.2d at 851. Consent to entry from one who possesses common authority over the premises is valid as against the absent, nonconsenting person with whom that authority is shared. *Limon*, 340 S.W.3d at 756. Common authority is derived from the third party's use of the property and rests on mutual use of the property by persons generally having joint access or control for most purposes. *Id.* Even if actual authority to consent does not exist, consent may be validly obtained from an individual with apparent authority over the premises. *Id.* We determine apparent authority using an objective

standard and ask would the facts available to the police officer at the moment warrant a person of reasonable caution to believe the consenting party had authority over the premises? *Id.* (citing *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990)).

The State must prove actual or apparent authority by a preponderance of the evidence. *Id.* at 757. Determinations of actual and apparent authority are reviewed *de novo* as mixed questions of law and fact. *Id.* To meet its burden, the State must provide evidence that the third party either had mutual access to and control over the place that was searched, or that the officers conducting the search reasonably believed facts provided to them by a third party that would have been legally sufficient to justify a search as reasonable. *Hubert v. State*, 312 S.W.3d 554, 561-62 (Tex. Crim. App. 2010). Under the Fourth Amendment, the State must show by a preponderance of the evidence that it was reasonable for officers to proceed on the information they had. *Id.* at 562. When—as here—the trial court does not enter findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court resolved any issues of historical fact or credibility consistently with its ultimate ruling. *Limon*, 340 S.W.3d at 757.

In this case, there is no evidence Mata had actual authority to consent, and the State does not make any such contention. Therefore, we next consider whether the State showed by a preponderance of the evidence that Mata had apparent authority to consent. The facts known to the officers when they entered the residence were as follows: Mata was inside the residence when the officers approached the residence and knocked on the door, Mata opened the door from inside the residence, Mata "claimed that it was her house" and she "presented herself as the home owner," and Mata directed the officers to the room in which they found Castillo asleep. At no point in Officer Reyes's testimony or in Castillo's testimony is there any mention of whether the officers were told—when they approached or entered the house—that Mata was the landlady and Castillo was the tenant. Therefore, we conclude it was reasonable for the officers to believe Mata was the

home owner and had actual authority to consent to their entry. When an officer reasonably, although erroneously, believes a third party purporting to provide consent has actual authority over the place to be searched, apparent authority exists and the purported consent from the third party can serve to make the search reasonable. *Hubert*, 312 S.W.3d at 561; *Valdez v. State*, 336 S.W.3d 330, 335 (Tex. App.—San Antonio 2010, no pet.). Accordingly, we hold that, based on the facts as the trial court was entitled to view them, it was reasonable for the officers to proceed on the information they had. Therefore, the trial court did not err in denying Castillo's motion to suppress.

## CONCLUSION

We overrule Castillo's issues on appeal and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do not publish